**William L. DONNELLY**

v.

**BOSTON COLLEGE et al.**

**Civ. A. No. 75–3497–C.**

United States District Court,
D. Massachusetts.

Oct. 9, 1975.

William L. Donnelly, pro se.

Terry Seligmann, Asst. Atty. Gen., Boston, Mass., for Chief Justice G. Joseph Tauro.

William F. Looney, Jr., Moulton, Looney & Mazzone, Boston, Mass., for New England School of Law.

John M. Harrington, Ropes & Gray, Boston, Mass., for Harvard University, Derek C. Bok and Albert M. Sacks.

Harold Hestness, Hale & Dorr, Boston, Mass., for Boston College Law School.

Philip Burling, Arthur G. Telegen, Foley, Hoag & Eliot, Boston, Mass., for Boston University Law School and Suffolk University Law School.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiff, a resident of Massachusetts, against Boston College, its President and Law School Dean; Boston University, its President and Law School Dean; Harvard University, its President and Law School Dean; New England School of Law and its President; Suffolk University, its President and Law School Dean; and the Chief Justice of the Massachusetts Supreme Judicial Court. The complaint alleges that Count I arises under 42 U.S.C.A. § 1983, and under Articles III, IV and VI of the Constitution of the United States, as well as Amendment 14 thereto. Jurisdiction of this court is claimed under 28 U.S.C.A. §§ 1331 and 1343.

In Count I, plaintiff alleges that in the period from January 15 to March 15, 1975, he applied for admission as a member of the class entering in September 1975 at the five law schools named as parties defendant and that the defendants, acting under color of state law, intentionally and wilfully made a distinction, discrimination or restriction on account of his color, race and sex relative to his application for admission. Plaintiff further alleges that the defendants subjected him to the deprivation of his rights and privileges as secured by the Constitution and laws of the United States. Plaintiff still further alleges in Count I that the Massachusetts Supreme Judicial Court has improperly delegated state power to private individuals in promulgating its Rule 3:01(3)(b).

Count II purports to set out a claim under the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and under the Clayton Act, 15 U.S.C.A. §§ 15 and 26. Jurisdiction of this court is claimed on the basis of 28 U.S.C.A. § 1337. Plaintiff alleges herein that defendants have "continuously engaged in wrongful and unlawful combinations, contracts, and agreements in restraint of trade and commerce among the several states," and that the defendants have "discouraged and prevented plaintiff and other unknown white male citizens from pursuing, in an open competitive market, careers as attorneys at law, by arbitrarily and unreasonably inhibiting plaintiff's ability to compete."

Count III of the complaint is limited to Suffolk University and alleges the same jurisdictional basis as Count II. Plaintiff alleges herein that the admissions policy of Suffolk University is arbitrary, unreasonable and preferential, and violative of the antitrust laws.

Count IV, also limited to Suffolk University, reiterates the jurisdictional allegations of Counts II and III. It purports to set out a cause of action on the basis of Mass.G.L. c. 93A (Consumer Protection Act). Plaintiff alleges that Suffolk's admissions policy is arbitrary, unreasonable and capricious, and that it discriminates against plaintiff so as to deprive him of rights and privileges secured by the Constitution and laws of the United States and to subject him to inequality of treatment under the law.

The matter came before the Court on plaintiff's application for a preliminary injunction, by which he seeks an order of this Court directing one or more of the defendant law schools to immediately admit him to membership in the law school class which began in September 1975. The matter was briefed by the

parties and, after hearing, I find and rule as follows:

■ It is firmly settled law, in this Circuit and elsewhere, that a movant for a preliminary injunction must demonstrate, prior to obtaining same, that if the injunctive relief is not granted to him he will suffer irreparable harm. He must also demonstrate a probability of success on the merits. *Automatic Radio Mfg. Company v. Ford Motor Co.*, 272 F.Supp. 744 (D.Mass.1967), aff'd 390 F.2d 113 (1 Cir. 1968), *cert. denied* 391 U.S. 914, 88 S.Ct. 1807, 20 L.Ed.2d 653 (1968). For reasons which will be set out herein I rule that plaintiff has totally failed to discharge his burden as a movant for injunctive relief.

■ With regard to success on the ultimate merits, it should be observed that plaintiff submitted to this Court no evidence whatsoever in support of the allegations of the complaint. He called no witnesses and tendered no evidence by way of affidavit or otherwise. He seeks an injunction which would not merely maintain the status quo but which would be, if granted, mandatory in nature, requiring a change in the status quo, i. e., converting him from a rejected applicant to an admitted student at one or more of the defendant law schools. No responsible Court would or should grant substantial relief of this type on the basis of bare and totally unsubstantiated allegations—particularly when those allegations are, to a large extent, highly conclusory in nature.

Respondents, on the other hand, have tendered affidavits from Richard G. Huber, Dean of the Boston College Law School, and John C. Deliso, Director of Admissions at Suffolk Law School. In pertinent part Dean Huber has stated under oath:

"1. Boston College Law School's admission process is sex-neutral. Neither men nor women are given any advantage in the admission process.

\*    \*    \*    \*    \*    \*

3. Mr. Donnelly's application revealed a candidate for admission who was far below the average quality of the applicants accepted for matriculation in 1975.

4. Hundreds of applicants with objective credentials superior to Mr. Donnelly's were denied admission to Boston College Law School in 1975."

Mr. Deliso's affidavit says:

"1. Suffolk Law School's admission process is sex-neutral. Neither men nor women are given any advantage in the admission process.

\*    \*    \*    \*    \*    \*

3. Mr. Donnelly's application revealed a candidate for admission who was far below the average quality of the applicants accepted for matriculation in 1975.

4. Hundreds of applicants with objective credentials superior to Mr. Donnelly's were denied admission to Suffolk Law School in 1975.

5. In all likelihood, had Suffolk Law School admitted not a single minority candidate in 1975, Mr. Donnelly would have been denied admission nonetheless."

In the face of these affidavits, plaintiff's probability of success on the merits, i. e., of establishing that he was excluded on the basis of any illegal discrimination by Boston College Law School or by Suffolk Law School, appears to be slight. On the present state of the record there is no reason for this Court to suppose that the standards required to be met by successful candidates for admission to the other three law schools named as parties defendant herein are any lower than those referred to in the quoted affidavits, or that plaintiff's probability of success against those three schools is any greater.

■ With further reference to the question of probability of success on the merits, it is well-settled law that in order to establish jurisdiction of a federal

**4**

district court to entertain a case under 42 U.S.C.A. § 1983, the plaintiff must establish that "state action" is involved. The opinion of the Court of Appeals for the Second Circuit in *Grafton v. Brooklyn Law School*, 478 F.2d 1137 (2 Cir. 1973), stands for the proposition that absent a stronger showing of "state action" than appears herein a civil rights action against a private law school may not be maintained in a federal court on the basis of 42 U.S.C.A. § 1983. Indeed, a reading of *Grafton* indicates that the record therein presented a stronger case for arguing state action than does the record of the instant case, even assuming that the allegations of this complaint be taken as established. Thus, it would appear that plaintiff's prospects of success on the merits are still further diluted by what seems to be a clear absence of jurisdiction under 42 U.S.C.A. § 1983.

With regard to Count II, I rule that the conclusory allegations of the complaint are totally inadequate as a basis for injunctive relief. See *Walker v. Providence Journal Company*, 493 F.2d 82 (1 Cir. 1974).

Similarly, Counts III and IV are purely conclusory as well as speculative in nature and are deficient as a potential basis for a preliminary injunction.

■ With regard to the issue of irreparable harm, I rule that plaintiff has not established the probability thereof by his unsubstantiated allegations. It should be noted that there is no allegation as to his following other potential courses for attending law school, such as applying to any one of the hundreds of law schools in this country other than the five named defendants. Also, it would appear, in light of the affidavits of Dean Huber and Mr. Deliso, that there is a serious question herein as to whether an allegedly unqualified candidate can be found to be irreparably harmed by being denied admission to a law school for which he was not qualified.

I rule that plaintiff has failed to show either a probability of success on the merits or a probability that he will suffer irreparable harm if his motion is denied. Accordingly, an order will be entered denying the motion for a preliminary injunction.